UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:14-CR-86 |
| | ) | REEVES |
| NICHOLE E. BOYD | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Nichole E. Boyd's *pro se* "Motion for Sentence Reduction under 3582(C)(1)(A)(i) and Emergency Release Due to the Coronavirus and the New "CARES" Act" [D. 537]. For the reasons that follow, Ms. Boyd's motion is denied with leave to refile when appropriate.

I. Background

On March 23, 2015, the Honorable Thomas W. Phillips, United States District Judge, sentenced Ms. Boyd to a term of imprisonment of eighty-four months for her role in a conspiracy to manufacture 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A).

On April 10, 2020, Ms. Boyd filed the instant motion, which comes before the undersigned pursuant to Standing Order 20-05. *See* E.D. Tenn. SO-20-05. In the motion, Ms. Boyd asks the Court to provide compassionate release to home confinement, citing her family and medical circumstances, as well as the COVID-19 pandemic, as the basis for her request. Specifically, Ms. Boyd indicates that she is set to be transferred to a halfway house on July 23, 2020, making her a good candidate for home confinement. While Ms. Boyd

indicates that she has made a request for home confinement to with the warden of her facility, she suggests that "this option is not feasible due to the administrative time restraints, one of the reasons the [CARES] act was signed into action."

## II. Analysis

Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic—the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A). Here, Ms. Boyd invokes both mechanisms as a basis for her petition for release, so the Court will address each in turn.

### A. CARES Act

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Although a sentencing court may *recommend* a particular type of prison facility during sentencing, any order, recommendation or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility has no binding effect on the authority of the Bureau of Prisons to determine or change the place of imprisonment. *See* 18 U.S.C. § 3621(b).

2

Here, Ms. Boyd references various family and medical reasons that may warrant home confinement, but, even in the midst of the COVID-19 pandemic, the Bureau of Prisons retains the authority to make that determination. The Attorney General has directed the Director of the Bureau of Prisons to prioritize the use of existing statutory authority to place prisoners in home confinement. *See* Attorney General's March 26, 2020 Directive. The Bureau of Prisons is evaluating its entire population to assess each inmate's vulnerability to COVID-19, whether home confinement would increase that inmate's risk of contracting COVID-19, and whether release to home confinement would risk public safety.

Consequently, because the Court does not have the power to order home confinement under the CARES Act, the Court cannot grant Ms. Boyd's request on this basis. Likewise, because the Bureau of Prisons is in the best position to determine the proper placement of inmates taking into account individual considerations based on an inmate's background, medical history, and general considerations about public safety, the Court is not prepared to make a recommendation as to Ms. Boyd.

### B. 18 U.S.C. § 3582(c)(1)(A)(i)

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that defendants may move for what is often called compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, Ms. Boyd states, "A request has been put into Warden Carr at FMC – Carswell Prison, however, this option is not feasible due to the administrative time restraints, one of the reasons the [CARES] act was signed into action." In other words, Ms. Boyd does not claim that she has exhausted her administrative rights to appeal or that thirty days have lapsed from the Warden's receipt of her request. Instead, Ms. Boyd asks the Court to disregard the exhaustion requirement. The question of "whether the Court can disregard the exhaustion requirement in the case of an inmate seeking compassionate release based on the COVID-19 pandemic's effect or potential effect on the inmate . . . is, relatively speaking, extremely novel." *United States v. Edwards*, No. 3:13-CR-00012-1, 2020 WL 1987288, at *2 (M.D. Tenn. Apr. 27, 2020). Ms. Boyd has not provided, and the Court has not discerned, any authority that indicates that the Court can disregard this requirement set forth by Congress. Rather, several sister courts of the Sixth Circuit have found that the exhaustion requirements of 18 U.S.C. § 3582 cannot be disregarded. *See id.* at *2–7 (collecting cases).

Consequently, the Court cannot weigh the merits of Ms. Boyd's motion under the "compassionate release" framework until the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i) is satisfied.

### III.   Conclusion

Because the Court does not have the power to order home confinement under the CARES Act and the exhaustion requirements of 18 U.S.C. § 3582(c) have not been met, Ms. Boyd's motion is **DENIED** without prejudice to be refiled once the time of exhaustion has arrived.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

5

Case 3:14-cr-00086-PLR-CCS   Document 538   Filed 05/01/20   Page 5 of 5   PageID #: 2221